**Pablo Alberto REYES–TOVAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–70504.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 27, 2009.

Martin Avila Robles, Immigration Practice Group, A Professional Corporation, San Francisco, CA, for Petitioner.

Mary Jane Candaux, Edward Earl Wiggers, Esquire, U.S. Department of Justice, Washington, DC, Jaesa Woods McLin, Esquire, U.S. Department of Justice, Oxford, MS, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Pablo Alberto Reyes–Tovar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and deny the petition for review. ·

Substantial evidence supports the BIA's denial of asylum and withholding of removal because petitioner failed to show he was persecuted on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group, *see id.* at 745–46 (holding that the group of young men in El Salvador resisting gang violence is too loosely defined to meet the requirement for particularity), or political opinion, *see id.* at 747 (affirming BIA's determination that "general aversion to gangs does not constitute a political opinion for asylum purposes"). *See also Ochave v. INS*, 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

We review for abuse of discretion petitioner's contention that the Board erred in denying petitioner's motion for remand for consideration of his CAT claim. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). We are unpersuaded that the facts petitioner produced in his asylum application and at the hearing warrant CAT relief.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

